UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEITH RODRIGUEZ,<br><br>      *Plaintiff,*<br><br>   v.<br><br>CLERK JOHN DOE, Clerk at the District Court, Federal Courthouse, Walnut Avenue Newark N.J.,<br><br>      *Defendant.* | No. 2:25-cv-1471 (MEF)(JSA)<br><br>**OPINION and ORDER** |

\*      \*      \*

For purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*      \*      \*

In July 2024, a man[1] filed a petition seeking a writ of habeas corpus. See Amended Civil Rights Complaint ("Complaint") (ECF 3) ¶ 4; Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, No. 2:24-cv-7668 (ECF 1) (D.N.J. July 9, 2024).

Later that year, the Court issued an order directing the respondents to file a limited answer, and the Clerk of Court to "serve a Notice of Electronic Filing of [that] Order" on the relevant government office. Order, No. 2:24-cv-7668 (ECF 7) (D.N.J. Nov. 15, 2024).

But the Clerk of Court instead served the notice by physical mail. See 12/18/2024 Letter (ECF 8), No. 2:24-cv-7668 (D.N.J. Dec. 18, 2024).

\*      \*      \*

A few months later, the habeas petitioner (from here, "the

---

[1]  Keith Rodriguez.

Plaintiff") filed this lawsuit against an unknown employee of the Clerk's Office.  See Complaint at 2 & ¶ B.5.

The Plaintiff alleges that the Clerk's Office did not serve the relevant materials in a timely manner, or in the way prescribed by the Court --- and that in doing so, the responsible Clerk's Office employee violated his federal constitutional rights.  See id. ¶¶ 5-6, 12-15.

*   *   *

The Defendant has moved to dismiss the complaint to the extent the Plaintiff is seeking damages.  See id. at 7; Brief in Support of Defendant's Motion to Dismiss the Amended Civil Rights Complaint ("Defendant's Brief") (ECF 22-1) at 3-9.  The Plaintiff has no cause of action, the argument goes.  See Defendant's Brief at 3-9.  And without one, his constitutional claims cannot go forward.  See generally In re Revlimid & Thalomid Purchaser Antitrust Litig., 2026 WL 765641, at *5 (D.N.J. Mar. 18, 2026).

The Defendant's argument is persuasive, and the motion to dismiss must therefore be granted.

*   *   *

The Plaintiff first suggests that there is an explicit cause of action here under 42 U.S.C. § 1983.  See Complaint ¶ 16.

But Section 1983 only provides a cause of action for a plaintiff suing an official who was acting under state law.  So it generally cannot support claims against federal officials, like the Clerk of Court or her employees.  See Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998) ("Because section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law.").

*   *   *

That leaves another possibility --- that there is an implied cause of action, under the Supreme Court's decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

To determine whether there might be a Bivens cause of action in a given case, courts first "ask whether the case presents 'a new

2

Bivens context' --- i.e., is it 'meaningful[ly]' different from the three cases in which the [Supreme] Court has [previously] implied a damages action." Egbert v. Boule, 596 U.S. 482, 492 (2022) (first alteration in original) (quoting Ziglar v. Abassi, 582 U.S. 120, 139 (2017)).

Here, the context is "new." Id.

The Supreme Court's three referenced Bivens cases concerned: (1) an allegedly unconstitutional search and seizure by law-enforcement, see Bivens, 403 U.S. at 389; (2) allegations of unconstitutional employment discrimination, see Davis v. Passman, 442 U.S. 228, 231 (1979); and (3) allegations of inadequate medical care being given to a federal prisoner. See Carlson v. Green, 446 U.S. 14, 17 (1980).

None of these "meaningfully" relate to court employees.[2] Egbert, 596 U.S. at 492 (cleaned up). And none have anything to do with the inner administrative workings of courts or other governmental institutions.

So this case presents a "new" context.[3] Id.

And because it does, there is another inquiry: "whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert, 596 U.S. at 496 (emphasis in original) (quoting Ziglar, 582 U.S. at 140).

Here, the answer is yes.

---

[2] See Egbert, 596 U.S. at 492 (describing cases involving new categories of defendants as "new contexts" for Bivens purposes) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001)).

[3] Note that the Plaintiff in part presses a First Amendment claim. See Complaint ¶ 12. As to that claim, the context is "new" for an added reason --- the Supreme Court has never recognized a Bivens cause of action for alleged First Amendment violations. See Egbert, 596 U.S. at 498 (concluding that "a new context arises when there is a new 'constitutional right at issue,'" and noting that the Court has "'never held that Bivens extends to First Amendment claims'") (first quoting Ziglar, 582 U.S. at 140, then quoting Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012)).

For example, it is not apparent that judges are "better suited," id., than the Congress when it comes to assessing the relevant "systemwide" impacts.  Id. at 491.  Even putting aside dollars and cents, it would likely be costly to work-flow and to workplace morale to pull clerk's office employees away from their everyday tasks --- to serve as defendants in some cases or as witnesses in others.  And getting a real handle on soft administrative costs like these --- that is likely something that Congress would be better at than the Judiciary.  See id. at 499.

On the other side of the ledger, Congress may well be better positioned to balance the likely costs here against possible benefits.

Is there in fact a real problem with filings being improperly sent off that needs addressing in the first place?  How often does that happen?  How quickly is it corrected?  Are clerk's office error rates higher than would and should be expected?  What is the right baseline for making a thoughtful comparison?  A private-sector entity, like a company getting payroll checks out the door?  Or a government agency sending off time-sensitive materials, like the DMV mailing off replacement licenses?

And if there is a real problem that needs addressing, would damages suit make enough of a practical difference to justify their costs?  Would damages suits be filed frequently enough to meaningfully alter on-the-ground practices?  Would damages-suit payouts be high enough to induce real-world changes?

It is "rational," id. at 496, to think that Congress is "better suited," id., to doing the open-ended and somewhat subjective fact-gathering (and prediction-making) that would be needed on all this.  And it is rational, too, to think that Congress would be "better suited" when it comes to ultimately weighing things out.  Cf. Pinkston v. City of Jersey City, 699 F. Supp. 3d 298, 305 (D.N.J. 2023) ("[F]ederal courts . . . generally do not have 'the expertise ... to make policy judgments.'") (second alteration in original) (quoting Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 538 (2012)).

Accordingly, there is no Bivens cause of action here as to the Plaintiff's damages claim.[4]

---

[4]  The complaint also seeks equitable relief, principally "[i]njunctive relief compelling [the] Defendant to [take] [s]pecific action," such as "properly [serving] the [relevant] petition and order," and "implement[ing] procedures to prevent

4

\*    \*    \*

The Defendant's motion at ECF [22] is granted, and the complaint at ECF [3] is dismissed.

IT IS on this 23rd day of April, 2026, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

_____

future violations." Complaint at 6. But the Plaintiff lacks Article III standing to seek an injunction under City of Los Angeles v. Lyons, 461 U.S. 95 (1983). The Plaintiff's habeas case was transferred last week to the Northern District of New York. See Order, No. 2:24-cv-7668 (ECF 33) (D.N.J. Apr. 13, 2026). So there is no reason to think that any asserted difficulties with the Clerk's Office of this Court will again be an issue for the Plaintiff.